UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Dale C. Kana and                                                     Bankruptcy No. 10-30455
Barbara LoAnn Kana,                                              Chapter 7

     Debtors.
_____/

Kip M. Kaler, in his capacity as
Chapter 7 Trustee of the Estate
of the Debtors Dale C. Kana and
Barbara LoAnn Kana,

     Plaintiff,

vs.                                                                               Adversary No. 11-07025

Dale C. Kana and
Barbara LoAnn Kana, and the
University of North Dakota Foundation,

     Defendants.
_____/

### MEMORANDUM AND ORDER

     Before the Court are a Motion to Dismiss filed by Debtors-Defendants Dale C. Kana and Barbara LoAnn Kana on January 17, 2012 and converted to a Motion for Summary Judgment at the hearing on August 14, 2012, a Motion for Summary Judgment filed by Plaintiff Kip M. Kaler, Chapter 7 Bankruptcy Trustee, on January 17, 2012, and a Motion for Relief filed by the Trustee on February 16, 2012. Both the Trustee and Debtors filed responses to the opposing party's motions.

     On October 7, 2011, the Trustee brought this adversary proceeding against Debtors, alleging Debtors' rights and interest in the Dale and LoAnn Kana Unitrust (Unitrust) is property of the bankruptcy estate that must be turned over to the Trustee. The Trustee filed this action pursuant to 11 U.S.C. §§ 506, 541, 542, and 725 and Federal Rule of Bankruptcy Procedure

1

7001 to determine the interests of the respective parties in the Unitrust.

In their Motion to Dismiss, Debtors seek dismissal of this adversary proceeding, arguing res judicata and collateral estoppel bar the adversary proceeding. Conversely, the Trustee contends dismissal is inappropriate and the Court should grant his Motion for Relief and consider information not previously received as evidence. The Trustee also argues summary judgment should be granted because the Unitrust distributions are property of the bankruptcy estate, North Dakota Century Code section 59-13-01 does not permit Debtors to retain distributions, there is no room for "equitable considerations" in the Bankruptcy Code to allow Debtors to retain nonexempt assets, and the claim is not barred by res judicata.

In their Motion to Dismiss, Debtors requested oral argument, which the Court granted. A hearing was held on August 14, 2012.

**I.   Factual Background**

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 23, 2010. On Schedule I, Debtors indicated they each receive monthly income from the Unitrust. At the section 341 meeting of creditors and subsequent to it, the Trustee requested that Debtors deliver to him all documents, information and property related to the Unitrust. Pursuant to this request, Debtors provided the Trustee a document titled "Dale and LoAnn Kana Unitrust," describing a unitrust held by the University of North Dakota Foundation.

After reviewing the documents, the Trustee filed a Motion for Turnover on November 23, 2010, requesting the Bankruptcy Court issue an order finding that Debtors' interest in the Unitrust is property of the bankruptcy estate and requiring that any distributions Debtors received after the commencement of the bankruptcy case be delivered to the Trustee as the bankruptcy estate's representative. Debtors opposed the Trustee's motion arguing the Unitrust is a valid spendthrift trust, which is not property of the bankruptcy estate that the Trustee may liquidate

2

because Debtors have no right to possess or alienate the assets in the trust. Debtors' Resp. to Mot. for Turnover 1-2. Debtors maintain they have "only a qualified right to support and an equitable interest only in the income." Id.

The Bankruptcy Court[1] held an evidentiary hearing on the Motion for Turnover on January 6, 2011. Both parties were granted the opportunity to present argument and offer evidence. Debtors offered the testimony of Mrs. Kana and two exhibits, the proof of claim filed by the IRS and Debtors' Schedules I and J. The proof of claim and schedules were received into evidence without objection. Debtors also asked the Bankruptcy Court to take judicial notice of the Unitrust documents. The Bankruptcy Court did not respond to this request.

The Trustee cross-examined Mrs. Kana, but he did not call any witnesses or offer any documentary evidence. At the conclusion of the hearing, the Bankruptcy Court took the matter under advisement.

The Bankruptcy Court issued its Memorandum and Order on May 6, 2011. After considering the evidence received during the hearing, it concluded that the Trustee failed to satisfy the burden of proof necessary to grant his Motion for Turnover. Specifically, the Bankruptcy Court found: "Debtor Barbara Kana's testimony did not include sufficient details about the unitrust's provisions for the Court to conclude that there is clear and convincing evidence that Debtors[ ] have an interest in the unitrust that constitute[s] estate property." In reaching this conclusion, the Bankruptcy Court did not consider the copy of the Unitrust attached to the Trustee's Motion for Turnover because pleadings and their attached exhibits are not evidence and the Unitrust documents were not received into evidence during the hearing.

---

[1] Honorable Bankruptcy Judge William A. Hill, presiding.

3

After the Bankruptcy Court issued its decision, the Trustee filed a notice of appeal. He elected to appeal the Bankruptcy Court's order to the District Court pursuant to 28 U.S.C. § 158(c)(1). In the Trustee's appellate brief, he first argued the Unitrust documents should have been considered as evidence and then addressed specific terms of the Unitrust to support his argument that turnover was warranted. Debtors maintained the Bankruptcy Court's decision was correct because the Unitrust documents were not received into evidence.

A hearing was held before the District Court.[2] On September 13, 2011, the District Court entered its Memorandum and Order, affirming the Bankruptcy Court's decision. The District Court noted that "[t]he crux of this appeal can be succinctly stated: Did the Bankruptcy Court err in concluding that the Trustee's failure to introduce evidence relating to the existence and terms of a charitable remainder unitrust was fatal?" After examining the sufficiency of the evidence presented before the Bankruptcy Court, the District Court determined: "Because the Court is convinced that the debtor[s] made no admissions as to the terms and existence of the trust and because the debtors took no steps that induced the Trustee to rest without proof of the existence and terms of the trust the ruling of the Bankruptcy Court is correct." The District Court rested its decision upon the same premise the Bankruptcy Court advanced: "One may not rest on documents attached to a motion. . . . the Trustee simply never offered nor were the trust documents ever received. The trustee has the burden of proof in a motion to turnover property." Neither party appealed the District Court's order.

Less than a month after the District Court entered its order, the Trustee filed this adversary proceeding. In his adversary Complaint, the Trustee seeks an order determining that Debtors' interest in the Unitrust is property of the bankruptcy estate and requiring that all

---

[2] Honorable District Court Judge Ralph R. Erickson, presiding.

distributions Debtors were entitled to receive after filing their bankruptcy petition be delivered to the Trustee. This remedy is virtually identical to the relief he sought in his Motion for Turnover.

## II.     Conclusions of Law

### A.     *Collateral Estoppel*

Collateral estoppel, also referred to as issue preclusion, bars relitigation of "legal or factual issues 'actually and necessarily determined,'" with the determination becoming "'conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" W.A. Lang Co. v. Anderberg-Lund Printing Co. (In re Anderberg-Lund Printing Co.), 109 F.3d 1343,1346 (8th Cir. 1997) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). "[T]he normal rules of . . . collateral estoppel apply to the decisions of bankruptcy courts." Katchen v. Landy, 382 U.S. 323, 334 (1966); Hobson Mould Works, Inc. v. Madsen (In re Madsen), 195 F.3d 988, 989 (8th Cir. 1999). "[P]roceedings within a single bankruptcy case which adjudicate issues of law and fact can, for the purposes of res judicata and collateral estoppel, preclude relitigation of those same issues at later stages of the bankruptcy suit." In re Miller, 153 B.R. 269, 273-74 n.3 (Bankr. D. Minn. 1993) (citation omitted).

> The party asserting collateral estoppel has the burden of proving the following elements:
>
> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;
> (2) the issue sought to be precluded must be the same as the issue involved in the prior action;
> (3) the issue sought to be precluded must have been actually litigated in the prior action;
> (4) the issue sought to be precluded must have been determined by a valid and final judgment; and
> (5) the determination in the prior action must have been essential to the prior judgment.

Sells v. Porter (In re Porter), 539 F.3d 889, 894 (8th Cir. 2008) (quoting Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007)); see also Johnson v. Miera (In re Miera), 926 F.2d 741, 743 (8th

Cir. 1991) (citing Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir. 1983)).  When analyzing a collateral estoppel defense, courts consider whether the party against whom collateral estoppel is asserted received a 'full and fair' opportunity to litigate the issue in the prior adjudication.  In re Miera, 926 F.2d at 743 (citing Lovell, 719 F.2d at 1376).  "The purpose of collateral estoppel is not to foreclose a party of its right to put contested facts before the Court, but is to prevent their submission twice."  In re Yagow, 62 B.R. 73, 78 (Bankr. D.N.D. 1986) (citation omitted).

    1.  The Trustee was a Party to Previous Litigation

Debtors seek to bar the Trustee from asserting a claim that Debtors' interest in the Unitrust is estate property and that the distributions from it must be turned over to the Trustee. Debtors and the Trustee argued this issue in the context of the Trustee's Motion for Turnover. The Trustee briefed this issue and made an appearance at the hearing on the Motion for Turnover.  He was afforded the chance to offer evidence.  He received a full and fair opportunity to litigate the issue.  Therefore, the Court finds that Debtors met their burden of proving the Trustee was a party to the turnover motion, the first element of collateral estoppel.

    2.  Litigation Involves the Same Issue

In deciding whether the second element of collateral estoppel is met, the Court considers whether the issue addressed in the Motion for Turnover involved the same controlling or material facts and applicable legal principles as this adversary proceeding.  Ginters v. Frazier, 614 F.3d 822, 826-27 (8th Cir. 2010) (citing Montana, 440 U.S. at 158); Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago, 649 F.3d 539, 548 (7th Cir. 2011).  Upon review of the Complaint and the proceedings related to the Motion for Turnover, the Court finds the Trustee initiated this adversary proceeding to renew and relitigate an identical issue raised in his previously filed Motion for Turnover–whether Debtors' interest in the Unitrust is bankruptcy estate property.  See Mot. for Turnover 2; Compl. 3.  In fact, the prayers for relief in the Motion for Turnover and the

6

Trustee's adversary Complaint are essentially the same. Likewise, the material facts underlying the Trustee's Motion for Turnover are the same as those underlying his request for relief in this adversary proceeding. Several paragraphs outlining the facts and legal issues in the Motion for Turnover are identical to those in the Complaint. Compare Compl. ¶ 6, 7 with Mot. for Turnover ¶ 1, 2. Others are very similar. The legal principles the Trustee cites in support of his claim that the Unitrust distributions are estate property are the same. Accordingly, the Court finds that the issue sought to be precluded in this adversary case is the same as the issue decided in the order denying the Trustee's Motion for Turnover and appeal to District Court. Debtors satisfied the second element of their collateral estoppel claim.

### 3. Previous Issue Actually Litigated and Essential to the Judgment

The third element (the issue was actually litigated) and the fifth element (the prior determination was essential to the judgment) may be assessed together. In analyzing these elements, the Court must consider the issue actually litigated and essential to the holding, not what might have been litigated and determined. In re DEF Investments, Inc., 186 B.R. 671, 685 (Bankr. D. Minn. 1995); In re Miller, 153 B.R. at 273-74. This typically requires a court to examine the entire record of the earlier proceeding. In re Miera, 926 F.2d at 743.

In his Motion for Summary Judgment, the Trustee contends the Bankruptcy Court's decision "never adjudicat[ed] the merits of the claims that the trust is or is not structured in such a fashion that it would be property of the estate," but rather, it "dismissed the motion for turnover on a procedural matter." Pl.'s Br. in Supp. of Mot. for Summ. J. 9.

Contrary to the Trustee's assertions, "actually litigated" does not necessarily require that the issue in question be "thoroughly litigated." As clearly explained by the DEF Investments court,

7

> If the parties to the original action disputed the issue and the court resolved it, the doctrine of collateral estoppel is fully applicable no matter how slight the amount of evidence was on which a determination was rendered. Continental Can Co., U.S.A. v. Marshall, 603 F.2d 590, 596 (7th Cir. 1979). ***Therefore, if an issue has been raised and determined in a prior action, it is binding in a subsequent proceeding notwithstanding the fact that a party may have omitted to argue or present evidence on matters which, if argued or presented, would have produced a contrary result.*** See Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992), cert. denied, 506 U.S. 1078, 113 S. Ct. 1044, 122 L.Ed.2d 353, reh'g denied, 507 U.S. 980, 113 S. Ct. 1436, 122 L.Ed.2d 802 (1993) (opining that the fact that evidence could have been presented on an issue in a prior suit, but was not, does not avoid the application of collateral estoppel); Akron Presform Mold Co. v. McNeil Corp., 496 F.2d 230, 235 (6th Cir. 1972), cert. denied, 419 U.S. 997, 95 S. Ct. 310, 42 L.Ed.2d 270 (1974) (indicating that additional factual allegations not made in a prior suit did not permit their relitigation in a subsequent suit); United States v. Silliman, 167 F.2d 607, 613-20 (3d Cir. 1948), cert. denied, 335 U.S. 825, 69 S. Ct. 48, 93 L.Ed. 379 (1948) (concluding that if an issue is raised and decided against a party who fails to proffer a sufficient quantum of proof, the doctrine of collateral estoppel is binding just as if a "barrel" of evidence had actually been presented). Cf. North Tel, Inc. v. Brandl (In re Brandl), 179 B.R. 620, 626 (Bankr. D. Minn. 1995) ("This precedent is binding on this court, and its import is clear: though the Defendant did not interpose a defense in the [state court] action, he had a 'full and fair opportunity' to do so. As contemplated by [Minnesota decisions], he is now bound by all of the findings that must be deemed to have been made by the state court. Those findings, in turn, encompass all of the fact allegations pleaded there by the Plaintiff.") (footnotes omitted); "Any other result would permit a litigant to avoid the conclusive effect of collateral estoppel, by design or inadvertence, by denoting as irrelevant an issue" that was either raised or not in contention and then refraining from introducing evidence or argument on the issue. Marshall, 603 F.2d at 596.

In re DEF Investments, Inc., 186 B.R. at 686 (emphasis added).

During the evidentiary hearing, the Bankruptcy Court heard argument and received evidence regarding whether Debtors' interest in the Unitrust is property of the bankruptcy estate–the identical issue the Trustee seeks to relitigate now. Both the Trustee and Debtors were afforded the opportunity to offer evidence and argument in support of their positions during this evidentiary hearing, actually litigating the issue.

The Bankruptcy Court's decision rested upon the parties' presentations during the evidentiary hearing, and its focus was whether the Trustee satisfied his burden of proving the

8

distributions from the Unitrust were property of the estate.  Its determination regarding the sufficiency of the evidence resolved the dispute.  The Bankruptcy Court's decision that there was insufficient evidence establishing the Trustee's claim that the Unitrust distributions were property of the estate was essential to the final order.     Furthermore, both parties had the opportunity to present briefs and oral argument to the District Court on appeal.  The overwhelming majority of the Trustee's appellate brief focused on arguments advocating his position that Debtors' Unitrust distributions were bankruptcy estate property. See Br. of Appellant, Appeal from United States Bankruptcy Court For the District of North Dakota, Honorable William A. Hill, Bankruptcy Case No. 09-31529 [sic], Mem. and Order Filed May 6, 2011, 5-14.  Like the Bankruptcy Court, the District Court considered the Trustee's arguments, but concluded that the Trustee failed to offer evidence sufficient to prove his claim that Debtors' interest in the Unitrust was property of the estate.  Mem. and Order 2-4.  Both the Bankruptcy Court and District Court orders were on the merits of the Trustee's claims.

Accordingly, the Court finds that the issue of whether Debtors' interest in the Unitrust is bankruptcy estate property was actually litigated before the Bankruptcy Court and the District Court.  Their conclusions that the Trustee failed to meet his burden of proving that the Unitrust distributions were estate property served as the basis of their decisions to deny the relief he sought and thus was essential to their orders.  Neither court reached the question of whether the trust is structured in such a fashion that it would be property of the estate because it was not necessary to do so.  The Trustee's claims were litigated "on their merits" even though he failed to offer evidence of the Unitrust which, if argued or presented, may have produced a contrary result.  In re DEF Investments, Inc., 186 B.R. at 686. Accordingly, this Court finds that Debtors satisfied elements three and five of collateral estoppel.

9

    4.    <u>Valid and Final Order or Judgment</u>

The fourth element is whether the issue was determined by a valid and final order or judgment. Neither party challenged the Bankruptcy Court's or District Court's jurisdiction over the Trustee's motion or the appeal. The Bankruptcy Court properly exercised jurisdiction over the prior proceeding pursuant to 28 U.S.C. §§ 1334(a), 157(a) and 157(b)(2)(E). The District Court appropriately exercised jurisdiction over the appeal of the order denying turnover pursuant to 28 U.S.C. §§ 158(a) and 158(c)(1)(A). Therefore, both orders are valid.

With regard to finality, a bankruptcy court's order is final if it "resolves a discrete segment of [the bankruptcy] proceeding," meaning a "relevant judicial unit" of the proceeding. <u>Official Comm. of Unsecured Creditors v. Farmland Indus., Inc.</u> (<u>In re Farmland Indus., Inc.</u>), 397 F.3d 647, 650 (8th Cir. 2005). In other words, "the scope of the term 'final judgment' [for collateral estoppel purposes] is not in all cases confined to the final judgment in an action which disposes of the litigation in its entirety but, rather, includes any judicial decision upon a question of fact or law which is not provisional and subject to future change by the same tribunal." <u>In re DEF Investments, Inc.</u>, 186 B.R. at 683 (citation omitted).

The Bankruptcy Court's Memorandum and Order denying the Motion for Turnover resolved the question of whether Debtors' interest in the Unitrust must be turned over to the Trustee as estate property. The District Court affirmed this decision. It is not subject to relitigation by this Court through an adversary proceeding.

Further, the Trustee conceded that the Bankruptcy Court's decision was a final order when he appealed the Memorandum and Order to the District Court. In his statement of appellate jurisdiction for the appeal of the Bankruptcy Court's Memorandum and Order, the Trustee stated:

10

> The United State[s] District Court for the District of North Dakota has jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy court entered in cases and proceedings, pursuant to 28 U.S.C. § 158(a), and through the procedure set forth in Bankruptcy Rule 8001. Kip M. Kaler, as bankruptcy trustee, at the time of the filing of the appeal, has elected to have this appeal heard by the District Court, pursuant to 28 U.S.C. § 158(c)(1)(A).

Br. of Appellant, Appeal from United States Bankruptcy Court For the District of North Dakota, Honorable William A. Hill, Bankruptcy Case No. 09-31529 [sic], Mem. and Order Filed May 6, 2011, ii. Accordingly, the Bankruptcy Court's Memorandum and Order is a final order.

Likewise, the District Court's decision is a final order. The District Court's Memorandum and Order dated September 13, 2011, completely resolved the issue before it and left nothing for consideration. Under the Federal Rules of Appellate Procedure, if a further appeal is desired, filing with the district clerk must occur within 30 days after entry of the judgment or order. Fed. R. App. P. 4(a)(1)(A). No appeal was filed, making the District Court's Memorandum and Order the ultimate final order on the issues resolved in it.[3] Debtors met their burden of satisfying this element as well.

For all of the reasons stated above, the Trustee is barred by collateral estoppel from relitigating whether Debtors' Unitrust interest is bankruptcy estate property.

*B.     Res Judicata*

The doctrine of res judicata also applies to final orders issued by bankruptcy courts. See, e.g., Ladd v. Ries (In re Ladd), 319 B.R. 599, 602-09 (B.A.P. 8th Cir. 2005), rev'd on other grounds, 450 F.3d 751 (8th Cir. 2006); LaBarge v. Ireland (In re Ireland), 325 B.R. 836, 839 (Bankr. E.D. Mo. 2005); In re Allen, 2012 WL 693461, at *15-16 (Bankr. D.N.J. Mar. 2, 2005). The essence of res judicata, also known as claim preclusion, is that "a final judgment on the

---

[3] See generally Little Rock Sch. Dist. v. North Little Rock Sch. Dist., 561 F.3d 746, 751 (8th Cir. 2009) (finding the binding finality of res judicata and collateral estoppel attaches to a judgment after opportunity for appeal is exhausted).

11

merits bars further claims by parties or their privies based on the same cause of action." Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998) (quoting United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994)); Montana, 440 U.S. at 153. The parties are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Yankton Sioux Tribe v. U.S. Dep't of Health and Human Servs., 533 F.3d 634, 640 (8th Cir. 2008) (quoting Comm'r v. Sunnen, 333 U.S. 591, 597 (1948)); Wintermute v. Kansas Bankers Sur. Co., 630 F.3d 1063, 1067 (8th Cir. 2011) (same); Lundquist v. Rice Memorial Hosp., 238 F.3d 975, 977 (8th Cir. 2001).

The three-part test courts apply when evaluating assertions of res judicata is: "(1) whether the prior judgment was entered by a court of competent jurisdiction; (2) whether the prior decision was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases.'" Anderson v. Abraham, 214 F.Supp.2d 1036, 1038 (D.N.D. 2002) (quoting Lundquist, 238 F.3d at 977) (citing Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989)). See also Ginter v. Alliant Bank (In re Ginter), 349 B.R. 193, 197 (B.A.P. 8th Cir. 2006); Baratto v. Citizens Auto. Finance, Inc., 2011 WL 3678676, *3 (Bankr. D. Minn. 2011). Debtors plead res judicata as an affirmative defense. Consequently, it is their burden to prove the elements of this claim. In re Ginter, 349 B.R. at 197.

As discussed above, the Bankruptcy Court and the District Court each had competent jurisdiction to enter orders denying the Trustee's Motion for Turnover and both orders were final orders. The Court also found that the same claim and cause of action at issue in the Motion for Turnover–whether the Unitrust disbursements are property of the bankruptcy estate–is advanced in this adversary case. The parties who litigated the Motion for Turnover are parties to this adversary proceeding, and the Trustee does not dispute this element. See Pl.'s Br. in Supp. of

12

Mot. for Summ. J. 9 ("Here, the last part of the test is not at issue; this complaint involves the same cause of action and the same parties."). Whether the order denying the Trustee's Motion for Turnover was a final order on the merits was also analyzed in the collateral estoppel analysis above, but this element warrants further discussion.

In his Motion for Summary Judgment, the Trustee argues that the Bankruptcy Court did not make a decision on the merits of his claim because it did not decide whether the restrictions in the Unitrust were structured in such a fashion that the distributions would be property of the bankruptcy estate. He claims that the Bankruptcy Court denied his Motion for Turnover on "procedural" grounds. Pl.'s Br. in Supp. of Mot. for Summ. J. 9. The Trustee relies upon Costello v. United States, 365 U.S. 265 (1961), to support his argument.

In Costello, the petitioner, a naturalized citizen of the United States, was the subject of a denaturalization proceeding, brought under section 340(a) of the Immigration and Nationality Act of 1952, for allegedly providing "willful misrepresentation and fraud" on his naturalization application. Costello, 365 U.S. at 266. Costello had also been the subject of a prior denaturalization complaint brought under 8 U.S.C. § 738(a), the predecessor to section 340(a), but the case had been dismissed on the grounds that the government had failed to file an affidavit of good cause with the complaint, a prerequisite for the initiation of denaturalization. Id. at 267-68. As a result, Costello argued that the second denaturalization proceeding under section 340(a) was barred because of the prior dismissal. Id. at 284.

The Supreme Court disagreed with Costello. Id. at 288. "We hold that a dismissal for failure to file the affidavit of good cause is a dismissal 'for lack of jurisdiction,' within the meaning of the exception under Rule 41(b)." Id. at 284. Rule 41(b) of the Federal Rules of Civil Procedure provides:

13

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.  After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has no right to relief. . . .  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication on the merits.

Id. at 284.

The Supreme Court explained that the Rule 41(b) exceptions encompass "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim.  Failure to file the affidavit of good cause in a denaturalization proceeding falls within this category."  Id. at 285.

The Trustee suggests that this case is analogous to Costello because "the inquiry into the merits of the claim terminated at a preliminary stage.  Despite the parties being in agreement that the Unitrust should be assessed, the Court never adjudicated the issue of what interest the Unitrust document created for the debtor.  The Court's previous ruling should not be considered a judgment on the merits, as the merits of the parties' positions were never considered."  Pl.'s Br. in Supp. of Mot. for Summ. J. 10.

This case is distinguishable from Costello.  The January 2011 evidentiary hearing held on the Trustee's Motion for Turnover was not a preliminary hearing, and the issues raised did not involve a precondition to a cause of action or other threshold matters.  The purpose of the hearing was to decide whether Debtors' interest in Unitrust distributions was property of the bankruptcy estate.  During the hearing, Debtors offered the testimony of one witness and two exhibits, the proof of claim filed by the IRS and Debtors' Schedules I and J.  The Trustee neither called witnesses nor offered any exhibits. He merely cross-examined Debtors' witness.

At the conclusion of the hearing, the Bankruptcy Court took the matter under advisement to determine whether the Trustee satisfied his burden of proof. See Evans v. Robbins, 897 F.2d 966, 968 (8th Cir. 1990) (finding that "[a]s part of a prima facie case, the trustee must demonstrate by clear and convincing evidence that the assets in question are part of the bankrupt's estate"). The Bankruptcy Court determined the Trustee failed to do so:

> Debtor Barbara Kana's testimony did not include sufficient details about the unitrust's provisions for the Court to conclude that there is clear and convincing evidence that Debtors[ ] have an interest in the unitrust that constitute[s] estate property. Because of the burden of proof, the lack of evidence inures to the benefit of Debtors. The Court is bound by the evidence presented and not [by] what may amount to speculation or suspicion. The Court cannot grant relief without an adequate evidentiary record that the trustee is entitled to turnover, and the trustee has failed to meet his burden of proof.

Mem. and Order 3-4.

This discussion illustrates that the Bankruptcy Court actually considered the evidence received at the hearing on the merits of his claim rather than merely denying the Trustee's motion because he failed to establish venue or meet a precondition to a claim.

The District Court's order was also based on the merits of the parties' arguments. In its Memorandum and Order, the District Court explained: "The crux of this appeal can be succinctly stated: Did the Bankruptcy Court err in concluding that the Trustee's failure to introduce evidence relating to the existence and terms of a charitable unitrust was fatal?" After drawing focus to this narrow issue, the District Court reviewed the substantive arguments of the parties, made in both their appellate briefs and during oral argument, performed a searching review of the record, and arrived at the same conclusion as the Bankruptcy Court. The District Court's decision is also a final decision on the merits.

After a final order is entered, the parties are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible

15

matter which might have been offered for that purpose." Yankton Sioux Tribe, 533 F.3d at 640 (citation omitted).  The Trustee, bearing the burden of establishing a prima facie case, failed to ensure the Bankruptcy Court received evidentiary support for his position although he had the opportunity to do so during the hearing.  He is bound by that decision.

Accordingly, the Court finds that Debtors met their burden of establishing all of the elements of res judicata.  As a result, the Trustee is also barred from arguing Debtors' interest in the Unitrust is property of the bankruptcy estate in this adversary proceeding.

C.     Rule 60(b) Motion

Rule 60 of the Federal Rules of Civil Procedure governs motions for relief.  Fed. R. Civ. P. 60(b).[4]  It provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" under specific circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief."[5]  Fed. R. Civ. P. 60(b).  "Rule 60(b) provides an extraordinary remedy which should be granted only upon a showing of exceptional circumstances."  Larson v. Heritage Square Assocs., 952 F.2d 1533, 1535 (8th Cir. 1992).

---

[4] Federal Rule of Bankruptcy Procedure 9024 provides that Rule 60 applies in cases under the Bankruptcy Code except under certain conditions.  Exceptions to the application of Federal Rule of Civil Procedure 60 are "(1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330."  Fed. R. Bankr. P. 9024.  None of the exceptions apply in this case.

[5] The Trustee relied upon these subsections to support his argument.  See Pl.'s Mem. Opposing Def.'s Mot. to Dismiss and, in the Alternative, Pl.'s Mot. for Relief under F.R.Civ.P. 60 and Bank.R. 9014 3.

The Trustee alleges the Bankruptcy Court can grant relief pursuant to Rule 60 "because all parties proceeded forward under a mutual understanding [that the Unitrust documents would be considered as evidence], that was then rectified to the detriment of only one of the parties." Pl.'s Mem. Opposing Def.'s Mot. to Dismiss and, in the Alternative, Pl.'s Mot. for Relief under F.R.Civ.P. 60 and Bank.R. 9014 (Pl.'s Opposition) 2.  He asserts several alternative arguments in support of his contention:  "(1) there is clearly a mutual mistake by the parties; (2) the Court's previous ruling was based upon its inadvertent failure to consider evidence offered to it by all of the parties; and (3) the Trustee exhibited excusable neglect in failing to recognize that the Court would not consider evidence offered to the Court by agreement of the parties." Id. at 3. Additionally, he argues "this situation [clearly] presents a balance of equities that justifies the requested relief." Id.

If a party had the opportunity to directly appeal a judgment, relief under Rule 60(b) is not a substitute for this opportunity. Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (finding that a Rule 60(b)(4) or (6) motion may not be used as a substitute for a timely appeal); Design Classics, Inc. v. Westphal (In re Design Classics, Inc.), 788 F.2d 1384, 1386 (8th Cir. 1986); Horace v. St. Louis Sw. R.R. Co., 489 F.2d 632, 633 (8th Cir. 1974).  The Trustee not only had the opportunity to appeal, he took advantage of it.  He may not avoid the adverse result of the appeal to the District Court by returning to the Bankruptcy Court to seek relief from the final order.  A motion for relief brought under Rule 60(b) cannot be used to circumvent the principles of collateral estoppel and res judicata.  See In re Design Classics, Inc., 788 F.2d at 1385-86 (finding dismissal of a Rule 60(b) motion filed in a second suit was appropriate because the movant failed to appeal the decision in the original suit); Sussman v. Provident Life & Accident Ins., 326 Fed.Appx. 421, 422 (9th Cir. 2009) (finding that a party was barred from bringing an independent Rule 60(b) action seeking relief from an original judgment because the issue had

17

already been litigated in an appeal from the original judgment). Accordingly, the Trustee is barred from seeking relief from the Bankruptcy Court's order on his Motion for Turnover by filing a Rule 60(b) motion. The Trustee's Motion for Relief is DENIED.

    *D.    Trustee's Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is appropriate if, viewing all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; McCleary v. Reliastar Life Ins. Inc., 682 F.3d 1116, 1119 (8th Cir. 2012).

The Trustee filed a Motion for Summary Judgment asserting that the undisputed facts show the Unitrust distributions are property of the bankruptcy estate. Debtors opposed his motion. As discussed above, the Trustee's claims and causes of action are barred by the doctrines of collateral estoppel and res judicata. Consequently, this Court declines to assess the arguments the Trustee offered in his Motion for Summary Judgment because he is precluded from making them. The Trustee's Motion for Summary Judgment is DENIED.

    *E.    Debtors' Motion to Dismiss/Motion for Summary Judgment*

Debtors moved to Dismiss the Trustee's Complaint under Rule 41(b) of the Federal Rules of Civil Procedure and Rule 7041 of the Federal Rule of Bankruptcy Procedure. At oral argument on the pending motions, Debtors requested that the Court consider their motion as one filed under Rule 56 of the Federal Rules of Civil Procedure, rather than Rule 41. The Trustee did not oppose this request.[6]

---

[6] Even if the Trustee had opposed this request, this Court could have considered the affirmative defenses raised by Debtors. "A court may raise the issue of res judicata sua sponte if it is on notice that it has previously decided the underlying substantive issue in dispute. This result is consistent with one of the policies underlying res

Debtors allege the Trustee's Complaint should be dismissed because it "is barred by the doctrines of res judicata, collateral estoppel and/or issue or claim preclusion." Defs.'s Mem. in Supp. of Mot. to Dismiss 1. For the reasons discussed above, the undisputed facts show that the Trustee's claims and causes of action in this adversary action are barred by both collateral estoppel and res judicata. Debtors' met their burden of proof. Their motion for summary judgment is GRANTED.

The Court has considered all other arguments and deems them to be without merit.

### III. Conclusion

For the reasons discussed above, **IT IS ORDERED** that the Trustee's Motion for Relief under Federal Rule of Civil Procedure 60 and Bankruptcy Rule of Civil Procedure 9014 [Doc. 16] is **DENIED**, the Trustee's Motion for Summary Judgment [Doc. 12] is **DENIED**. Debtors' Motion for Summary Judgment (formerly Motion to Dismiss) [Doc. 11] is **GRANTED**.

**JUDGMENT MAY BE ENTERED ACCORDINGLY**.

Dated this August 15, 2012.

        **/s/ SHON HASTINGS**
        **SHON HASTINGS, JUDGE**
        **UNITED STATES BANKRUPTCY COURT**

---

judicata: the avoidance of unnecessary judicial waste." In re Ginter, 349 B.R. at 197 (quoting Arizona v. California, 530 U.S. 392, 412 (2000)).

    Further, the Court finds there is no prejudice to the Trustee resulting from disposition of the case on res judicata and collateral estoppel grounds. Debtors included res judicata as an affirmative defense in their Answer, and they have elaborated their contentions in their Motion to Dismiss. The Trustee has addressed Debtors' res judicata arguments in his responses; and he has not objected to these issues being raised in a motion to dismiss format. In fact, he addressed Debtors' res judicata claims in his Motion for Summary Judgment. Consequently, the Court finds that it is appropriate to address these affirmative defenses at this time.